## MILLS v SEBRING (Village)

## SMITH v SEBRING (Village)

Ohio Appeals, 7th Dist, Mahoning Co
Decided June 11, 1930

P. V. Mackall and Ben L. Bennett, both of East Liverpool, for Mills and Smith.

Donald Seiple, Canton, and David Shermer, Youngstown, for Village.

POLLOCK, J.

The first ground on which the plaintiff is seeking to enjoin this assessment is there is no certificate of the clerk that the funds were in the treasury for this improvement as required by §5660 GC, before the contract for the improvement was made. It appears from the resolution for the improvement that all of the costs of this improvement, both that to be paid by the village and by the abutting property owners, was to be provided for by bond issue. It further appears that the improvement was let, the bonds were provided for and sold and the money placed in the treasury and probably spent before this action was brought to enjoin the assessment. From the record it does not appear very distinctly whether anything more was done in regard to these bonds than that provided for in this resolution, but anyway it does not appear in the record that bonds were not sufficiently provided before the contract was to proceed.

In the case of Emmert v City of Elyria, 74 Oh St, 185, the Supreme Court, after referring to the provision requiring a certificate to be made, say:

"This does not apply to contracts for street improvements when bonds have been authorized by the municipality to be issued to pay the entire estimated cost and expenses of the improvement."

So that we think in this case as the improvement was to be entirely paid for by bond issue that the provisions of this section were not violated or at least do not appear to be violated from the record in this case.

It is again urged that this assessment should be enjoined because the plans and specifications were not on file in the clerk's office as provided by the Code. This is urged under authority of Kasch, etc., v City of Akron, 100 Oh St, 329. The second proposition of the syllabus reads:

"It is essential to the validity of proceedings ordering an improvement authorized by §3612 GC, that plans, specifications, estimates and profiles of the proposed improvement shall be on file in the office of the Director of Public Service in cities, or

the clerk in villages at the time of the passage of the resolution declaring such improvement necessary."

From the facts in the above case it appears that the plans and so forth were not on file at the time the resolution declaring such improvement necessary, and had not been in the office at all. There is some testimony possibly the engineers in this case had not completed them, but in the case we are now considering this requirement was complied with. The plans and specifications were in the clerk's office of this village prior to the pasasge of this ordinance, and there is no testimony but what they were actually in that office at the time the resolution was passed. There is testimony that the clerk's office was not kept open so that persons interested could at all times come in and examine these plans and specifications; in fact, when the clerk's office was open the plans and specifications were locked in the desk of the clerk, and that sometimes the clerk had taken them to his home. It appears from the evidence the duty required of the clerk of this municipality did not require that the office should be kept open during the entire day and that the clerk did not spend all of his time there; that he was not required or expected to be in this office all of the time. We do not think from the evidence that the plans were not open to inspection at all times during the assessment. We think it would be placing entirely too strict a construction to require the plans from the time this improvement was started until it was completed to be always in the clerk's office during at least the day time open for inspection for any one. The plans were on file with the clerk and anyone who wanted to see them, with little exertion, could do so, so that we think the assessment is not void on that ground.

The next error complained of is that the assessment does not comply with the foot front rule; in other words, that all of the frontage on this improvement was not assessed by the foot front at the same price. Section four of this resolution that we have referred to provides that the whole cost of said improvement less one-fifth thereof, and the costs of intersections, shall be assessed by the foot front upon the following described lots and lands, to-wit, all lots and lands bounding and abutting upon the proposed improvement from 15th street to 16th street, and from 19th street to 21st street, that the cost of said improvement, less one-half thereof, and the costs of intersections, shall be assessed by the foot front on the following described lots and lands, to-wit, all lots and lands bounding and abutting upon the proposed improvement from 12th street to 15th street, and from 15th street to 19th street, such lots and lands are hereby determined to be especially benefitted.

What this resolution provides was that the street improved should be divided into sections with different proportions of the costs of the improvement assessed against the sections. That was provided in the resolution and this assessment was made just as provided by this resolution.

It is urged that this vitiates this assessment, that the foot front intended by the statute is all the land on the one improvement, the property abutting on the street must be assessed at the same amount per foot front. This is urged on the authority of Jaeger, et al. v Burr, Admr., 36 Oh St. 164. The first proposition of the syllabus reads:

"Where the cost of a street improvement is required to be assessed upon the abutting property in proportion to frontage, the rate of assessment must be uniform upon all the property assessed."

When you consider the facts in this case, while the resolution provides for the foot front plan, that is all the property abutting on the improvement equally, yet when the city came to make the assessment it made a larger assessment on one side of the street than upon the other, and that is what is condemned in this authority. In the case of Findlay v Frey, 51 Oh St, 390, it is said:

"Where a street is of different widths it may in a proceeding to improve it be divided into as many sections as there are different widths, and the property in each section assessed for the cost of the same."

And on page 403 the Supreme Court, referring to this proposition, cites the case that we have just referred to in the 36th Ohio State, supra, but says that they can improve different sections on the same resolution to improve, and they can make different assessments on different foot frontage. In that case it was because the street was wider some places, and the court refers to the fact in doing this the city save the cost of two separate proceedings to improve this property by including it all in one section. In this case the reason for the difference in the assessment was because that the part of the street on which the abutting property was only required to pay one-half of the costs of the improve-

ment was because that part of the street had been improved prior to this improvement and paid for that improvement. We do not think that this manner of assessing by foot front was in violation of the statute, and the assessment is not void for that reason.

We then come to the last assignment for error. The city included in this assessment the cost of storm sewer on this street. The village is now admitting that the including of the cost of that sewer was not proper and we need not discuss that question any further. It is sufficient to say that the injunction as to the amount of the storm sewer is made perpetual as against that amount, and the judgment so far as the balance of this assessment is in favor of the municipality; if a deduction can be made and worked out on this assessment it need not be set aside. If not, it will have to be set aside and another assessment provided for.

We then come to the case of C. B. Smith v the Village of Sebring. The only additional claim he makes why his assessment is void is that there was no notice served upon him of this improvement as required by the Code. It seems that this property abutting on this street which Smith then owned had been the property of his wife. She had died some time prior to this assessment or this resolution to proceed with the assessment. An administrator had been appointed and before this notice was served the property had been sold and Mr. Smith, the husband, had purchased and continued to live in this property. The clerk testifies that he knew of the death of Mrs. Smith—her name was Anna Smith —prior to the service of notice. He claims he went to the auditor's office and looked at the records and found the property standing in the name of Mr. Smith. Probably that looking had been done some time before this notice was given and the transfer was not made at that time, but that makes little difference. The clerk served a notice on Anna Smith, or left it at her residence after her death, knowing that she was deceased before that time. The city, through its officers, did not make any effort to find out who was the real owner of this property, but served notice on one who it knew was not a proper party to serve at that time. §3818 GC, reads:

"A notice of the passage of such resolution shall be served by the clerk of council, or an assistant, upon the owner of each piece of property to be assessed, in the manner provided by law for the service of summons in civil actions."

It is urged that Mr. Smith knew of this notice and he does testify that a notice in his wife's name was left at the house. It is urged he knew this improvement was being made, therefore he should not be relieved from this assessment, but such a notice was not served as provided by law for service of summons. Without stopping to read from it, in the case of Cincinnati v Shereke, 47 Oh St, 217, and other cases, it is held that such a requirement must be strictly construed. It must be admitted that if this was a summons that Mr. Smith would not be required to answer in court, and yet this section provides in plain terms that the notice must be served as summons are served. We think there was no sufficient notice served on Mr. Smith and in his case the city is enjoined.

The assessment so far as the expense of the storm sewer is concerned is perpetually enjoined. The judgment of the court in favor of the further assessment is in favor of the village. If a deduction can be made from the assessment of the amount of the storm sewer it can be done, and this assessment will be affirmed. If not, the assessment will have to be set aside and a new assessment ordered.

Motion for new trial is overruled; exceptions noted.

Roberts and Farr, JJ, concur.